UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD PLEASANT,

        Plaintiff,

v.

ALISA WARNER, *et al.*,

        Defendants.

CASE NO. 3:19-cv-05249-RJB-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Donald Pleasant, proceeding *pro se* and *in forma pauperis* (Dkts. 4, 5), brings this matter under 42 U.S.C. § 1983. The District Court has referred this matter to United States Magistrate Judge J. Richard Creatura under 28 U.S.C. § 636(b)(1)(A), (1)(B) and Local Magistrate Judge Rules MJR 1, 3, and 4. *See* Dkt. 2.

Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint because plaintiff has yet to sufficiently make a claim for relief under § 1983. Although plaintiff alleges that defendants violated his rights by falsifying an allegation of sexual harassment and then ignoring exonerating evidence at his hearing on the

matter, he fails to identify particular constitutional rights or the elements of any particular cause of action under § 1983 against most defendants. And although plaintiff does identify "due process"—presumably procedural—as the basis of his claim against a hearing officer, defendant Klepps, plaintiff fails to identify how he was deprived of a protected interest for procedural due process purposes.

The Court provides plaintiff leave to file an amended pleading by **July 5, 2019** to cure the deficiencies identified herein. The Court also denies plaintiff's motion for appointment of counsel without prejudice.

## BACKGROUND

Plaintiff, who is incarcerated at Olympic Corrections Center ("OCC"), brings claims under § 1983 against Jason Bennett, OCC's superintendent; Alisa Warner and M. Canning, OCC corrections officers; Michelle Klepps, a hearing officer; Sergeant William Johnson; and Michelle Walker, a Department of Corrections official. *See* Dkt. 5, at 2–3.

Plaintiff alleges that in September 2018, defendants Warner and Canning falsely accused plaintiff and three other African-American prisoners of sexual harassment based on a wardrobe malfunction that plaintiff suffered. *See* Dkt. 5, at 3. He further alleges that defendant Klepps violated due process by disregarding video evidence that would exonerate plaintiff, instead making her decision based upon an incomplete investigation. *See* Dkt. 5, at 3. He alleges that defendant Bennett concurred in this decision based upon incomplete investigation despite being "unable to make [a] fair judgement." Dkt. 5, at 3. Finally, plaintiff alleges that defendant Walker failed to respond to calls or mail that plaintiff apparently directed to her. *See* Dkt. 5, at 3.

1     Plaintiff requests "trial and compensation for falsified investigation and decision, adversity [sic] action against me." Dkt. 5, at 4. Plaintiff has also requested that this Court appoint counsel to represent him. *See* Dkt. 6.

## DISCUSSION

### I. Screening

#### A. General Principles

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Section 1915A(b) authorizes dismissal of "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See also* 28 U.S.C. § 1915(e)(2). Dismissal at the screening stage should be with leave to amend the complaint, unless it is clear from the face of the complaint that no amendment could cure the deficiencies. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

#### B. Failure To State a Claim

To obtain relief under § 1983, plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

1 | Here, however, plaintiff has failed to identify a particular constitutional right as the basis for his claims against defendants Warner, Canning, Bennett, Johnson, or Walker. For instance, it is unclear whether plaintiff's claim alleges racial discrimination in violation of the Fourteenth Amendment, retaliation for protected conduct under the First Amendment, or some other constitutional violation. The Court notes that plaintiff's motion for appointment of counsel identifies racial discrimination under the Fourteenth Amendment as the basis for this claim (*see* Dkt. 6, at 4), but this Court cannot use plaintiff's motion for appointment of counsel to discern his complaint's allegations. *See Cato*, 947 F.2d at 1420 (allegations must be determined from "the face of the complaint"). Plaintiff must therefore amend his complaint to include the constitutional basis for his allegations.

Similarly, it is unclear whether plaintiff's claim against defendant Bennett, the OCC superintendent, for allegedly concurring in defendant Klepps' "incomplete" decision at plaintiff's hearing, seeks damages for a violation of substantive or procedural due process, equal protection, the First Amendment right to freedom from retaliatory conduct, or some other alleged constitutional violation. This Court is similarly unable to determine the constitutional right that plaintiff alleges defendants Walker and Johnson violated. Again, this Court cannot rely on plaintiff's motion for appointment of counsel to supplement the allegations of his complaint.

A complaint fails to state a claim if it does not contain a sufficient statement of the claim or claims to "'give the defendant[s] fair notice of what the . . . claim[s] [are] and the grounds upon which [they] rest[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Givson*, 355 U.S. 41, 47 (1957)). Plaintiff will be given an opportunity to amend his

complaint to include a short and plain statement of the particular constitutional right(s) that he claims each defendant violated.

Additionally, because plaintiff seeks damages from individual defendants, if he chooses to file an amended complaint, he must include facts detailing how each defendant caused or personally participated in causing the harm alleged in the complaint. *See Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Here, plaintiff's complaint includes no factual allegations about how defendant Johnson participated in the alleged harm. Thus plaintiff's claim against defendant Johnson is insufficient for this additional reason. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (a plaintiff must set forth specific facts about each individual defendant's causal role in the alleged constitutional deprivation). If plaintiff chooses to file an amended complaint, it must include particular facts and arguments about how each defendant caused or personally participated in causing the specific constitutional violations that he alleges.

Finally, plaintiff appears to allege that defendant Klepps violated due process when she found plaintiff guilty of a rule violation on the basis of staff reports and then imposed sanctions of segregation, cell confinement, and loss of recreation. *See* Dkt. 5, at 7. The Court interprets this as a claim that defendant Klepps violated plaintiff's right to procedural due process. However, to establish such a claim on the basis of disciplinary sanctions, plaintiff must explain how a protected libery interest was implicated: that is, he must show that "the conditions of confinement impose[d] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Brown v. Oregon Dep't of Corrs.*, 751 F.3d 983, 987 (9th Cir. 2014) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff makes no argument that these elements have been met. If plaintiff wishes to proceed under procedural due process, he

must provide facts and allegations to support that he suffered an atypical and significant hardship.

## II. Motion for Appointment of Counsel

Plaintiff requests that this Court appoint counsel to represent him. *See* Dkt. 6.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Although plaintiff argues that his underlying claims have merit as a reason to grant his motion to appoint counsel (*see* Dkt. 6, at 4), at this time, having found that plaintiff's complaint fails to state a claim upon which relief can be granted, the Court disagrees.

Plaintiff also states that his institution does not have a law library. *See* Dkt. 6, at 2. A plaintiff's statement that he lacks law library access, standing alone, will not automatically result in the appointment of counsel. *See, e.g.*, *Williams v. Waddington*, C07-5216 RBL-KLS, 2007 WL 2471674, at *1 (W.D. Wash. Aug. 29, 2007) (finding that plaintiff had not shown that the legal issues in his case were complex or that he was unable to articulate his claims *pro se*, even

though he could not access a law library); *Moore v. Philips*, 10-cv-3273, 2010 WL 5067823, at *2 (C.D. Ill. Dec. 7, 2010) (the fact that there was no law library access did not merit the appointment of counsel at an early stage in the litigation); *Long v. Doe*, 08-cv-478-SLC, 2008 WL 4950080, at *2 (W.D. Wisc. Nov. 18, 2008) (although lack of access to a law library would make prosecution of his case more difficult, under the circumstances, it would not prevent plaintiff from litigating his case). Some districts have noted additional circumstances, beyond the mere lack of law library access, that could merit granting such a request. *See Alvarez v. Kristo*, cv-08-2226-PHX-DGC, 2009 WL 539676, at *1 (D. Ariz. March 4, 2009) (in addition to no law library access, petitioner presented a novel and significant issue and there were no other available forms of legal assistance); *see also Covarrubias v. Gower*, C-13-4611 (EMC), 2014 WL 342548, at *1 (N.D. Cal. Jan. 28, 2014) (noting that there was no indication of a lack of other options, such as a legal paging system or ability to transfer to an institution with a law library).

Here, plaintiff does not argue or attempt to demonstrate that lack of access to a law library has prevented him from litigating his case. His claims do not appear to present novel or unusually complex issues of substantive law, and he appears to be able to articulate those claims. *See* Dkt. 6. Further, he has not demonstrated any circumstances beyond the mere lack of a law library that would weigh in favor of appointing counsel. At this stage, therefore, the Court does not find that lack of law library access merits the appointment of counsel.

For these reasons and because at present, the facts and legal issues do not appear unusually complex such that plaintiff could not articulate his claims *pro se*, the Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel. Because the denial of plaintiff's motion to appoint counsel is without prejudice, plaintiff may

renew his motion at a later time, if he is able to establish the exceptional circumstances warranting appointment of counsel.

**III. Conclusion**

Due to the deficiencies described above, the Court will not serve plaintiff's amended complaint. If plaintiff intends to pursue a section 1983 civil rights action in this Court, he may file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) *the constitutional right plaintiff believes was violated*; (2) the name or names of the person or persons who violated the right; (3) *exactly what each individual or entity did or failed to do*; (4) *how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights*; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff may present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. The amended complaint should not rely on motions in the record to supplement its allegations. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual

allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein **on or before July 5, 2019** the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** The Clerk is directed to send plaintiff the appropriate, most recent versions of the forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this order and Pro Se Instruction Sheet to plaintiff.

Dated this 4th day of June, 2019.

J. Richard Creatura
United States Magistrate Judge