UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD PLEASANT,<br><br>            Plaintiff,<br><br>    v.<br><br>ALISA WARNER, *et al.*,<br><br>            Defendants. | CASE NO. 3:19-cv-05249-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: September 27, 2019 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. *See* Dkt. 2. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B) and Magistrate Judge Rules MJR3 and MJR4.

This matter is before the Court on the undersigned's Order to Show Cause or Amend Complaint. Dkt. 7. Plaintiff has not responded to the Court's order, despite that the deadline to do so was July 5, 2019. *See* Dkt. Based on plaintiff's failure to respond to the show cause order and to cure the deficiencies in his proposed complaint, the Court recommends that this matter be dismissed without prejudice and that plaintiff's *in forma pauperis* status be revoked for any appeal.

**DISCUSSION**

In his proposed complaint, plaintiff alleged that defendants falsely accused him and three other African Americans of sexual harassment on the basis of a wardrobe malfunction, ignored staff cameras that allegedly exonerated him of the incident, and failed to respond to his requests for additional information. *See* Dkt. 5. The undersigned ordered plaintiff to amend his complaint on the basis that it was unclear the legal basis for his claims. *See* Dkt 7, at 3–6. Specifically, plaintiff was warned that if he failed to amend his complaint or adequately address the issues addressed in the show cause order on or before July 5, 2019, the undersigned would recommend dismissal of the action. *See* Dkt. 7, at 9.

Plaintiff has taken no action in response to the order to show cause. Therefore, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute and to comply with a court order.

Regarding plaintiff's *in forma pauperis* status should plaintiff appeal, as noted, plaintiff's complaint fails to provide any claim upon which relief could be granted. *In forma pauperis* status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because appeal of these issues would lack an arguable basis in law, the district court should find that any appeal would not be taken in good faith.

In sum, the district court should dismiss the matter without prejudice and revoke plaintiff's *in forma pauperis* status for the purpose of any appeal. Pursuant to 28 U.S.C. §

1  636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this

2  Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result

3  in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28

4  U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the

5  clerk is directed to set the matter for consideration on **September 27, 2019**, as noted in the

6  caption.

7  Dated this 10th day of September, 2019.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge